PATRICIA H. LYON (State Bar Number 126761)
FRENCH & LYON
Attorneys At Law
a Professional Corporation
22 Battery Street, Suite 404
San Francisco, CA  94111
Telephone:  415-597-7849
Facsimile:  415-243-8200
phlyon@aol.com

Attorneys for Richard Schwalbe,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SANTA ROSA DIVISION)

| | |
|---|---|
| In re: | Case No.:  08-12206-AJ |
| LOHREY ENTERPRISES, INC. | Chapter 7 |
| Debtor. | |
| _____ | |
| RICHARD SCHWALBE, Chapter 7 Trustee, | Adversary Proceeding No. |
| Plaintiff, | **COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE** |
| vs. | |
| KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, | |
| Defendant. | |
| _____ | |

Plaintiff, Richard Schwalbe, Chapter 7 Trustee (hereinafter "Trustee") of the bankruptcy estate (hereinafter the "Estate") of the Debtor LOHREY ENTERPRISES, INC. (hereinafter the "Debtor") complains against the above-captioned Defendant, KAISER FOUNDATION HEALTH PLAN, INC., a California corporation (hereinafter "KAISER" or "Defendant") as follows:

-1-
COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE
CASE NO. 08-12206-AJ

Case: 09-01008   Doc# 1   Filed: 02/05/09   Entered: 02/05/09 18:13:13   Page 1 of 5

## THE PARTIES

1. At the request and upon motion of the U.S. Trustee, Richard Schwalbe was appointed as the Chapter 11 Trustee pursuant to an order of this Court entered on or about November 7, 2008. Upon conversion of the case to Chapter 7 on November 21, 2008, Richard Schwalbe was appointed Chapter 7 Trustee herein.

2. On information and belief, KAISER was, at all times material hereto, a vendor or supplier of the Debtor or otherwise maintained a business relationship with the Debtor.

## JURISDICTION AND VENUE

3. The jurisdiction of the Bankruptcy Court to hear this action is based upon Sections 157(a) and 1334(a) of Title 28 of the United States Code in that this is a civil action arising in a case under Title 11 of the United States Code, which case is pending in the Bankruptcy Court.

4. This is a core proceeding under, *inter alia*, Section 157(B)(2)(F) and (O) of Title 28 of the United States Code.

5. Venue in the Bankruptcy Court is appropriate under Sections 1408 and 1409(a) of Title 28 of the United States Code.

6. The statutory basis for this action includes, *inter alia*. Sections 547 and 550 of Title 11 of the United States Code. This action is brought under Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT OF FACTS

7. Debtor commenced a Chapter 11 case on October 17, 2008, by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On November 21, 2008, the case was converted to Chapter 7.

8. Prior to the Trustee's appointment, Defendant had possession of more than 300 used laundry carts and 500 new laundry carts. Defendant has been in possession of and using the all of the new and used laundry carts since at least October 31, 2008. Trustee received approval of the Court to enter into the short term lease of the 500 new laundry carts with Defendant, pursuant to which Defendant was required to pay the Estate $70,000 in rent and then return all

-2-

Case: 09-01008   Doc# 1   Filed: 02/05/09   Entered: 02/05/09 18:13:13   Page 2 of 5

the carts to the Estate on or before November 30, 2008. Although Defendant paid the $70,000 in rent and has returned some of the carts, Defendant has failed to return 362 of the carts to the Estate. Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and correct copy of a spreadsheet showing the number of carts and location of carts for each KAISER facility. Demand has been made of Defendant to return said 362 carts, but Defendant has refused and continues to refuse to return them.

9. Some time within the ninety (90) day period immediately preceding the Petition Date, Standard Textile, a linen supplier shipped $61,221.69 in surgical towels (hereinafter "Towels") to Debtor. Debtor, in turn, delivered said Towels to Defendant. At no time has Defendant paid Debtor for said Towels and there is due, owing and unpaid the sum of $61,221.69 from Defendant to Plaintiff herein.

## FIRST CLAIM FOR RELIEF

### (Claim For Turnover of Property Pursuant to 11 U.S.C. §542)

10. Plaintiff incorporates each of the allegations set forth in Paragraphs 1 through 9 above, inclusive, as though set forth in full herein.

11. Pursuant to 11 U.S.C. § 542, an entity in possession, custody or control, during the case, of property that the trustee may use, sell or lease, shall deliver such property to the trustee, and account for such property or the value of such property.

12. Defendant has failed to return 362 carts to the Estate (see the description of the carts on Exhibit "A"). Demand has been made of Defendant to return said 362 carts, but Defendant has refused and continues to refuse to return them.

13. As a result of the Defendants failure to return said 362 carts, Plaintiff has been required to retain the services of the law firm of French & Lyon and has incurred and continues to incur attorneys' fees, costs and expenses in an amount according to proof.

/ / /

/ / /

-3-
COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE
CASE NO. 08-12206-AJ

Case: 09-01008   Doc# 1   Filed: 02/05/09   Entered: 02/05/09 18:13:13   Page 3 of 5

## SECOND CLAIM FOR RELIEF

### (Claim For Turnover of Property Pursuant to 11 U.S.C. §542)

14. Plaintiff incorporates each of the allegations set forth in Paragraphs 1 through 13 above, inclusive, as though set forth in full herein.

15. Pursuant to 11 U.S.C. § 542, an entity in possession, custody or control, during the case, of property that the trustee may use, sell or lease, shall deliver such property to the trustee, and account for such property or the value of such property.

16. There is due, owing and unpaid the sum of $61,221.69 from Defendant to Plaintiff herein for the Towels delivered by Debtor to Defendant. Plaintiff is informed and believes that Defendant has used said Towels and that the value of said Towels has deteriorated as a result of Defendant's use. Plaintiff seeks turnover of said $61,221.69 from Defendant, which is the value of the Towels at the time of delivery to Defendant.

17. Demand has been made of Defendant to repay said $61,221.69, but Defendant has refused and continues to refuse to repay said sum.

18. As a result of the Defendants failure to repay the sums due, Plaintiff has been required to retain the services of the law firm of French & Lyon and has incurred and continues to incur attorneys' fees, costs and expenses in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Bankruptcy Court enter judgment in its favor as follows:

A. Judgment compelling delivering to the Trustee 362 carts or the value of such property pursuant to 11 U.S.C. § 542;

B. Judgment compelling delivering to the Trustee the sum of $61,221.69 pursuant to 11 U.S.C. § 542;

C. Costs of suit, and attorneys' fees in an amount the Court may adjudge reasonable interest; and

/ / /

-4-

Case: 09-01008    Doc# 1    Filed: 02/05/09    Entered: 02/05/09 18:13:13    Page 4 of 5

D. Such other and further relief as the Bankruptcy Court deems appropriate under the circumstances of this case.

Dated:  February 5, 2009

FRENCH & LYON
A Professional Corporation


/s/  Patricia H. Lyon

By:  Patricia H. Lyon
Attorney for Richard Schwalbe
Chapter 7 Trustee

COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE
CASE NO. 08-12206-AJ

Case: 09-01008    Doc# 1    Filed: 02/05/09    Entered: 02/05/09 18:13:13    Page 5 of 5